Todd M. Friedman (216752)
Suren N. Weerasuriya (278512)
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com

ZACK BROSLAVSKY, SBN 241736
zbroslavsky@bwcounsel.com
JONATHAN A. WEINMAN, SBN 256553
jweinman@bwcounsel.com
**BROSLAVSKY & WEINMAN, LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Tel: 575-2550; Fax: 464-3550

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KLAMM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHORT TERM LOANS L.L.C. dba WWW.CASHWIRETODAY.COM, an Illinois limited liability company,<br><br>Defendant. | Case No._____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Brian Klamm ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Short Term Loans L.L.C., doing business as www.cashwiretoday.com ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (TCPA), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a natural person and resident of Orange County, California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, an Illinois limited liability company whose primary address is 1400 E. Touhy Ave., Suite 108, Des Plaines, Illinois 60018.

## FACTUAL ALLEGATIONS

6. Defendant advertises itself as providing individuals short term loans.

///

///

7. Within the four years prior to the filing of this action, Defendant used dialing equipment to make unsolicited advertising calls. On information and belief, this equipment had the capacity to store or generate numbers and place calls without human intervention.

8. On information and belief, many, if not all, of these calls utilized prerecorded voice messages to advertise Defendant and its services.

9. On or about July 3, 2014, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in 8181.

10. Defendant left Plaintiff a prerecorded voice message that stated: "Great news! You have previously applied for a payday loan. As of April 2014, our lenders have lowered their requirements for loan qualification and you are now approved for up to $1,500 and right in time for all your new spring expenses. To receive your funds now, simply go to www.cashwiretoday.com. That's cashwiretoday.com and type in your preapproval code of 2835. Once again that www.cashwiretoday.com and promo code 2835. There are no hidden fees to get your loan. Congratulations once again."

11. Defendant has left Plaintiff at least three of these prerecorded voice messages since November 2013.

12. On information and belief, the call to Plaintiff was made through an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1).

13. Plaintiff has never given Defendant consent to contact his cell phone, whether through the use of an autodialer, prerecorded or artificial voice message, or otherwise.

14. Plaintiff never had a business relationship with Defendant, and never provided his cellular phone number to Defendant through any medium. Indeed, prior to Defendant's call, Plaintiff never even heard of Defendant.

15. Plaintiff's number is registered with the National Do-Not-Call List.

16. As evident from the prerecorded message, the purpose of Defendant's

1 call was to solicit the purchase or use of Defendant's services by Plaintiff.

2     17.     The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

    18.     Defendant's telephone call was not placed for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ACTION ALLEGATIONS

    19.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

    20.     Plaintiff represents, and is a member of the Class, consisting of:
> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

    21.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes they number in the thousands, if not tens thousands or more.

    22.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an automatic telephone dialing system and/or artificial or prerecorded voice, thereby causing Plaintiff and the Class members to incur certain telephone charges or reduce telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

    23.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request

any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and its agent/s should be enjoined from engaging in such conduct in the future.

26. As a person that received at least three calls that used prerecorded voice and automatic telephone dialing system, and that were made without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

27. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff has retained counsel experienced in handling class action claims.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are necessary to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

30. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## Negligent Violations Of The Telephone Consumer Protection Act

## 47 U.S.C. § 227 *Et Seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and The Class is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## Knowing and/or Willful Violations Of
## The Telephone Consumer Protection Act
## 47 U.S.C. § 227 *Et Seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. 227 *et seq*.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

39. Wherefore, Plaintiff respectfully request the Court grant Plaintiff and the Class members the following relief against Defendant, and each of them:

## First Cause of Action for Negligent Violation of
## the TCPA, 47 U.S.C. § 227 Et Seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

42. Any other relief the Court may deem just and proper.

### Second Cause of Action for Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et Seq.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

45. Any other relief the Court may deem just and proper.

### TRIAL BY JURY

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: July 28, 2014     **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: /S/ TODD M. FRIEDMAN
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF